DJW/1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**LAWRENCE L. KELLY,**

                **Plaintiff,**

                                          **CIVIL ACTION**

**v.**

                                          **No.   08-2425-CM-DJW**

**MARY BOYLES, et al.,**

                **Defendants.**

## <u>ORDER</u>

This is an action arising out of Plaintiff's eviction from his Section 8 residence.  Plaintiff asserts claims for race, sex and disability discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*  Plaintiff also asserts claims for discrimination under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.*, and for civil extortion, fraud, and defamation.  Pending before the Court are Plaintiff's Motion to Proceed Without Prepayment of Fees (doc. 2) and Motion for Appointment of Counsel (doc. 3).

The Fair Housing Act allows a court, upon application of a plaintiff alleging a discriminatory housing practice, to authorize the commencement of a civil action without the payment of fees, costs, or security, if the court finds that the plaintiff is financially unable to bear the costs of the action.[1]  The Fair Housing Act also allows the court, upon application of the plaintiff, to appoint an attorney to represent the plaintiff.[2]

---

[1]42 U.S.C. § 3613(b)(2).

[2]*Id.*, § 3613(b)(1).

In addition, the *in forma pauperis* statute, 28 U.S.C. § 1915, allows the court to authorize the commencement of *any* suit without the prepayment of fees for any person who submits an affidavit indicating that the person is unable to pay the fees or give security for the fees.[3]   The statute also allows the court to appoint counsel for the plaintiff who is proceeding *in forma pauperis*.[4]

Unlike in a criminal case, a party has no constitutional right to appointment of counsel in a civil case.[5]   The appointment of counsel under either the Fair Housing Act or the *in forma pauperis* statute, 28 U.S.C. § 1915(e), is a matter within the sound discretion of the district court.[6]   In determining whether to appoint counsel under the *in forma pauperis* statute, the Tenth Circuit has held that the district court should give careful consideration to all of the circumstances, including whether the plaintiff has a colorable claim.[7]   If the court finds that the plaintiff has a colorable claim, the court should "consider the nature of the factual issues raised in the claims and ability of the plaintiff to investigate the crucial facts."[8]   The court should also consider the following factors:  (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his claims, and (4) the complexity of the legal issues raised by the claims.[9]

---

[3]28 U.S.C. § 1915(a)(1).

[4]*Id.*, § 1915(e).

[5]*Durre v. Dempsey*, 869 F .2d 543, 547 (10th Cir. 1989).

[6]*Miller v. Glanz*, 948 F.2d 1562, 1572 (10th Cir.1991); *Zhu v. Countrywide Realty Co., Inc*., 148 F. Supp. 2d 1154, 1156 (D. Kan. 2001).

[7]*Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citations omitted).

[8]*Id*. (citations omitted)

[9]*Id.; Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir.1981)).

The standard for ruling on a motion for appointment of counsel under the Fair Housing Act is somewhat similar.  This Court has held that in determining whether to appoint counsel under the Fair Housing Act, the Court should, among other things, determine whether the plaintiff has made an "affirmative showing" of "meritorious allegations of discrimination."[10]

The Court recently reviewed the allegations of Plaintiff's Complaint, and determined that it appeared from the face of the Complaint that Plaintiff's claims are barred by the applicable statutes of limitations.  The Court therefore entered an order (doc. 4) ordering Plaintiff to show cause to the District Judge why the case should not be dismissed, with prejudice, based on statute of limitations grounds.  In light of the Show Cause Order and the possibility that the action may be dismissed, the Court will decline, at this time, to rule on Plaintiff's motions.  Plaintiff may re-file the motions in the event the action is not dismissed.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (doc. 2) and Motion for Appointment of Counsel (doc. 3) are denied without prejudice to their refiling in the event the action is not dismissed pursuant to the Court's Show Cause Order (doc. 4).

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 18th day of September 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:    All counsel and *pro se* parties

---

[10]"*Zhu*, 148 F. Supp. 2d at 1157.

3