**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| LAWRENCE L. KELLY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARY BOYLES, TOPEKA ) <br> HOUSING AUTHORITY, and ) <br> OAKWOOD/MONTEREY, L.P., d/b/a ) <br> OAKWOOD MANOR APARTMENTS, ) <br> ) <br> Defendants. ) <br> ) | Case No. 08-2425-CM |

## MEMORANDUM AND ORDER

Plaintiff Lawrence L. Kelly filed this action *pro se* and proceeds *in forma pauperis*. Plaintiff asserted claims arising out of his eviction from his Section 8 residence against defendants Mary Boyles, Topeka Housing Authority ("THA"), and Oakwood Manor Apartments.[1] This matter is before the court on defendants Boyles's and THA's motions to dismiss (Docs. 24 & 26).

Construing plaintiff's complaint liberally, he asserts the following claims against defendants Boyles and THA: violation of the Kansas Residential Landlord and Tenant Act ("KRLTA"), K.S.A. § 58-2540 *et. seq.*; violation of the Fair Housing Act, 42 U.S.C. § 3601 *et. seq.*; violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*; civil extortion; fraud; defamation of character; and double jeopardy.[2] Defendants request that the court dismiss plaintiff's claims, arguing

---

[1] At defendant Oakwood/Monterey Apartments' request, the docket has been changed to reflect its proper legal name—Oakwood/Monterey L.P., d/b/a Oakwood Manor Apartments.

[2] In subsequent pleadings, plaintiff alleges claims under 42 U.S.C. § 1983; however, plaintiff has not amended his complaint to assert these claims. Thus, they are not before the court.

plaintiff's claims are barred by res judicata and the statute of limitations. For the following reasons the court denies defendants' motions to dismiss.

**Factual Background**

On April 21, 2004, plaintiff's son was arrested on drug charges ten blocks from plaintiff's Section 8 residence. Defendant THA received the police report and a letter from the Topeka Police Department on April 26, 2004. Defendant Boyles suggested that plaintiff was involved in the April 21, 2004 drug incident. Via letter dated April 28, 2004, defendant Boyles, defendant THA's Director of Housing Programs, falsely accused plaintiff and his son of being arrested at plaintiff's Section 8 residence. In an attempt to resolve the matter, plaintiff requested, and was granted, a meeting with defendant THA, but the parties could not reach a resolution. Due to the drug charges against plaintiff's son, defendant THA evicted plaintiff from his Section 8 residence on July 15, 2004. In a letter dated July 21, 2004, HUD director Robbie Herndon states that defendant THA receives federal funds and is governed and regulated by the Fair Housing Laws.

Also at issue is plaintiff's utility allowance. In March 2004, plaintiff received a letter from defendant THA that his utility allowance is $8, but according to his chart, his allowance is $57.18. On May 10, 2004, defendant Boyles sent a letter regarding plaintiff's utility allowance. Plaintiff alleges that defendant Boyles's letter cheats him out of his utility allowance.

On the day plaintiff was evicted, July 15, 2004, he went to defendant Oakwood's office and asked the manager to return his $150 security deposit. The manager refused. Because the manager refused to give plaintiff his security deposit, he refused to return the keys.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to

state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly,* 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a). While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1227 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

When the face of the complaint shows that plaintiff filed the action beyond the applicable statute of limitations, plaintiff must allege facts sufficient to show that the limitations period should be tolled. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

**Discussion**

Defendants argue that plaintiff is barred from relitigating claims that he raised or could have raised in a prior lawsuit between the parties filed by plaintiff—Case No. 04-4069-JAR, which resulted in adjudication on the merits against plaintiff.

The doctrine of res judicata, commonly referred to as claim preclusion, is based on the principle that final earlier judgments must be advanced and adhered to by subsequent courts. *Augustine v. Adams*, 88 F. Supp. 2d 1166, 1170 (D. Kan. 2000). Under res judicata, a final judgment on the merits precludes the parties or their privies from relitigating any claims that were or could have been raised in that action. *See Allen v. McCurry*, 449 U.S. 90, 94 (1980). For the doctrine of res

judicata to apply, the following three conditions must be satisfied: (1) a final judgment on the merits must have been made in the prior action; (2) the parties must be identical or in privity; and (3) the suit must be based on the same cause of action. *See Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999) (citing *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

Based on the limited record before it, the court cannot determine whether the present lawsuit is based on the same causes of action as the previous one. Here, some of plaintiff's allegations arise from his eviction but he includes additional facts and claims. Without more information, this court cannot conclude that the res judicata doctrine bars plaintiff's claims.

Defendants also argue that plaintiff's petition is barred by the statute of limitations, but they only address 42 U.S.C. § 1983. As previously mentioned, plaintiff has not amended his complaint to assert section 1983 claims.[3] Even if such claims were before the court, they would be barred by the two-year statute of limitations for such actions because plaintiff filed this action more than two years after the last alleged violation. *McElroy v. State Attorney Gen.*, No. 09-3125-SAC, 2009 WL 2523358, at *3 (D. Kan. Aug. 18, 2009) ("The applicable statute of limitations for filing a § 1983 complaint is determined from the 'forum state's statute of limitations for personal injury.' In Kansas, that is the two-year statute of limitations provided in K.S.A. § 60-513(a).") (citing *Brown v. Unified Sch. Dist. 501, Topeka Public Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006)). In plaintiff's response to defendants' motions, he has not presented any evidence suggesting that the statute of limitations should be tolled—he merely argues that there is no statute of limitations under 42 U.S.C. § 1983.

For the reasons set forth above, defendants' motions are denied without prejudice.

---

[3] On October 21, 2008, the court denied plaintiff's motion to amend as unnecessary and informed plaintiff that he could file his amended complaint as a matter of course (Doc. 11). Plaintiff never filed an amended complaint—although he has referenced such claims in subsequent pleadings.

**IT IS THEREFORE ORDERED** that defendants Boyles's and THA's motions to dismiss (Docs. 24 & 26) are denied without prejudice.

Dated this 3rd day of November 2009, at Kansas City, Kansas.

                                         s/ Carlos Murguia
                                         **CARLOS MURGUIA**
                                         **United States District Judge**