IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAWRENCE L. KELLY, )
)
        **Plaintiff,** )
)
v. ) Case No. 08-2425-CM
)
MARY BOYLES, TOPEKA )
HOUSING AUTHORITY, and )
OAKWOOD/MONTEREY, L.P., d/b/a )
OAKWOOD MANOR APARTMENTS, )
)
        **Defendants.** )
)

## MEMORANDUM AND ORDER

Plaintiff Lawrence L. Kelly filed this action *pro se* and proceeds *in forma pauperis*. Plaintiff asserted claims arising out of his eviction from his Section 8 residence against defendants Mary Boyles, Topeka Housing Authority ("THA"), and Oakwood/Monterey Apartments.[1] This matter is before the court on defendant Oakwood's Motion to Dismiss (Doc. 28).

Plaintiff asserts four claims against defendant Oakwood: violation of the Kansas Residential Landlord and Tenant Act ("KRLTA"), K.S.A. § 58-2540 *et. seq.*; violation of the Fair Housing Act, 42 U.S.C. § 3601 *et. seq.*; civil extortion; and double jeopardy.[2] Defendant Oakwood argues that (1) plaintiff failed to state a claim for civil extortion and double jeopardy and (2) plaintiff's claims are

---

[1] Defendant Oakwood/Monterey Apartments requests that the court amend the docket to reflect its proper legal name, Oakwood/Monterey L.P., d/b/a Oakwood Manor Apartments. The request is granted; and thus, defendant Oakwood's legal name is reflected in the caption.
[2] Plaintiff's Response to Show Cause, (Doc. 10), alleges claims under 42 U.S.C. § 1983 for violation of his rights under the First and Fourteen Amendments to the United States Constitution; however, plaintiff has not amended his complaint to assert these claims. Thus, they are not before the court.

barred by the statute of limitations. For the following reasons the court grants defendant's motion to dismiss.

**Factual Background**

On April 21, 2004, plaintiff's son was arrested on drug charges ten blocks from plaintiff's Section 8 residence. Due to the drug charges against plaintiff's son, defendant THA evicted plaintiff from his Section 8 residence on July 15, 2004. In a letter dated July 21, 2004, HUD director Robbie Herndon states that defendant THA receives federal funds and is governed and regulated by the Fair Housing Laws. It appears from the complaint that plaintiff's Section 8 residence was at defendant Oakwood's apartments. On the day plaintiff was evicted, July 15, 2004, he went to defendant Oakwood's office and asked the manager to return his $150 security deposit. The manager refused. Because the manager refused to give plaintiff his security deposit, he refused to return the keys.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a). While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations,

to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1227 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

When the face of the complaint shows that plaintiff filed the action beyond the applicable statute of limitations, plaintiff must allege facts sufficient to show that the limitations period should be tolled. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

**Discussion**

Plaintiff's claims against defendant Oakwood arise out of his eviction from his Section 8 housing, including defendant Oakwood's refusal to give plaintiff his security deposit. The last date on which plaintiff alleges he had contact with defendant Oakwood was July 15, 2004. Thus, at the very latest, events associated with plaintiff's eviction occurred in July 2004. Plaintiff filed this action on September 11, 2008−more than four years after his eviction.

An action upon a liability created by a statute, such as plaintiff's KRLTA claim, must be brought within three years. K.S.A. § 60-512(2). Thus, the statute of limitations for plaintiff's KRLTA claim expired before plaintiff filed this action. Plaintiff has not made any allegations or presented any facts suggesting that the statute of limitations should be tolled. Accordingly, this claim is barred by the statute of limitations.

Claims under the Fair Housing Act must be brought within two years; however, the two-year period does not include time in which a complaint was pending with the U.S. Department of Housing and Urban Development ("HUD"). 42 U.S.C. § 3613(a)(1)(A) & (B). According to the documentation plaintiff filed with his complaint, (Doc. 1), he filed a complaint with HUD that was dismissed on September 24, 2004 (Doc. 1, October 27, 2006 HUD Letter). Plaintiff attempted to appeal the dismissal, but was told that there was no mechanism for an appeal. (*Id*.) The letter plaintiff received from HUD mentioned the two-year statute of limitations and explained that the two-year

period did not include "the time during which the complaint was pending with HUD prior to May 24, 2006." (*Id.*) Based on the record presented to the court, the latest date that the two-year statute of limitations for plaintiff's claim under the Fair Housing Act could have begun is May 24, 2006. Thus, the statute of limitations for plaintiff's claim expired prior to plaintiff filing this claim in September 2008. Plaintiff has not made any allegations or presented any facts suggesting that the statute of limitations for this claim should be tolled to include the date he filed this action. Accordingly, this claim is barred by the statute of limitations.

Similarly, the statute of limitations bars plaintiff's civil extortion claim. An action for injury to the rights of another must be brought within two years. K.S.A. § 60-513(a)(4). As explained above, plaintiff did not bring this action until more than four years after he was evicted from defendant Oakwood's apartment. Nothing in the record suggests that the statue of limitations should be tolled. Thus, plaintiff's civil extortion claim is barred by the statute of limitations.

Plaintiff also fails to state a claim for double jeopardy. The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The protection against multiple punishments prohibits the Government from punishing twice, or attempting a second time to punish criminally for the same offense." *United States v. Ursery*, 518 U.S. 267, 273 (1996) (internal quotations omitted). Plaintiff's allegations against defendant Oakwood do not state a claim under the double jeopardy clause.

Based on the record before it, the court finds that plaintiff has failed to state any claim upon which relief can be granted against Defendant Oakwood. Defendant Oakwood's motion to dismiss is granted. Plaintiff's claims against defendant Oakwood are dismissed.

**IT IS THEREFORE ORDERED** that defendant Oakwood's Motion to Dismiss (Doc. 28) is granted.

Dated this 3rd day of November 2009, at Kansas City, Kansas.

                                                  s/ Carlos Murguia
                                                  **CARLOS MURGUIA**
                                                  **United States District Judge**