# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LAWRENCE L. KELLY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 08-2425-CM** |
| | ) | |
| **MARY BOYLES and TOPEKA** | ) | |
| **HOUSING AUTHORITY,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

Plaintiff Lawrence L. Kelly filed this action *pro se* and proceeds *in forma pauperis*. Plaintiff asserted claims arising out of his eviction from his Section 8 residence against defendants Mary Boyles and Topeka Housing Authority ("defendants"). On November 3, 2009, the court denied defendants' first motion to dismiss (Doc. 57). On November 10, 2009, defendants filed a Motion to Reconsider and Second Motion to Dismiss (Doc. 59).

District of Kansas Local Rule 7.3 provides that "[m]otions seeking reconsideration of dispositive orders or judgments must be filed pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3. The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) a change in law; (2) new evidence; and/or (3) the necessity of correcting clear error or preventing manifest injustice. *See* D. Kan. Rule 7.3(b) (listing factors for reconsideration); *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (listing Rule 59(e) factors); *Priddy v. Massanari*, No. 99-4195-DES, 2001 WL 1155268, at *2 (D. Kan. Sept. 28, 2001) (observing that the factors for reconsideration and Rule 59(e) are the same). Defendants' motion, however, does not set

forth or address the standard for a motion to reconsider—nor is it the proper standard for defendants' motion. Instead, defendants' Motion to Reconsider and Second Motion to Dismiss is simply a second motion to dismiss. The court denied defendants' first motion to dismiss without prejudice, largely based on the lack of evidence presented to the court. Defendants' motion raises new arguments, addresses additional claims, and provides additional information to the court. This is not the proper circumstance for a motion to reconsider. *Sithon Maritime Co. v. Holiday Mansion*, 177 F.R.D. 504, 505 (D. Kan. 1998) (citations omitted) ("Appropriate circumstances for a motion to reconsider are where the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination.").

In light of the above, the court construes defendants' motion as a second motion to dismiss, not a motion for reconsideration. Accordingly, plaintiff shall address the motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and shall have the 23 days prescribed under D. Kan. Rule 6.1(d)(2) to respond.

**IT IS THEREFORE ORDERED** that defendants' Motion to Reconsider and Second Motion to Dismiss (Doc. 59) shall be construed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

Dated this <u>13th</u> day of November 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**