**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **LAWRENCE L. KELLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 08-2425-CM** |
| ) | |
| **MARY BOYLES, TOPEKA** ) | |
| **HOUSING AUTHORITY, and** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Lawrence L. Kelly filed this action *pro se* and proceeds *in forma pauperis*. Plaintiff

asserted claims arising out of his eviction from his Section 8 residence against defendants Mary Boyles

and Topeka Housing Authority ("THA"). This matter is before the court on defendants Boyles's and

THA's second motion to dismiss (Doc. 59).

On November 3, 2009, the court denied defendants' first motions to dismiss (Doc. 57). On

November 10, 2009, defendants filed the instant motion, titled Motion to Reconsider and Second

Motion to Dismiss. Although titled Motion to Reconsider, defendants' motion raises new arguments,

addresses additional claims, and provides additional information to the court. Finding that the

circumstances set forth in the motion were not appropriate for a motion to reconsider, the court issued

an order (Doc. 62) stating it would construe the motion as a second motion to dismiss, ordering

plaintiff to address the motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure

12(b)(6), and providing plaintiff the 23 days then prescribed under D. Kan. Rule 6.1(d)(2) to respond.

The parties have had an opportunity to address the motion as a second motion to dismiss, and the court is now prepared to rule on the motion.

Construing plaintiff's complaint liberally, he asserts the following claims against defendants: violation of the Fair Housing Act, 42 U.S.C. § 3601 *et. seq.*; violation of the Kansas Residential Landlord and Tenant Act ("KRLTA"), K.S.A. § 58-2540 *et. seq.*; violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et. seq.*; civil extortion; fraud; defamation of character; and double jeopardy. Defendants request that the court dismiss plaintiff's claims, arguing plaintiff's claims are barred by the statute of limitations, fail to state a claim upon which relief can be granted, and are barred by the doctrine of res judicata. For the following reasons, the court grants defendants' motion.

## I. Factual Background

On April 21, 2004, plaintiff's son was arrested on drug charges ten blocks from plaintiff's Section 8 residence. Defendant THA received the police report and a letter from the Topeka Police Department on April 26, 2004. Defendant Boyles suggested that plaintiff was involved in the April 21, 2004 drug incident. Via letter dated April 28, 2004, defendant Boyles, defendant THA's Director of Housing Programs, falsely accused plaintiff and his son of being arrested at plaintiff's Section 8 residence. In an attempt to resolve the matter, plaintiff requested, and was granted, a meeting with defendant THA, but the parties could not reach a resolution. Due to the drug charges against plaintiff's son, defendant THA evicted plaintiff from his Section 8 residence on July 15, 2004. In a letter dated July 21, 2004, HUD director Robbie Herndon states that defendant THA receives federal funds and is governed and regulated by the Fair Housing Laws.

Also at issue is plaintiff's utility allowance. In March 2004, plaintiff received a letter from defendant THA that his utility allowance was $8, but according to his chart, his allowance was $57.18.

On May 10, 2004, defendant Boyles sent a letter regarding plaintiff's utility allowance. Plaintiff alleges that defendant Boyles's letter cheats him out of his utility allowance.

## II. Legal Standard

To survive a motion to dismiss under Rule 12(b)(6), a complaint must present factual allegations that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The allegations must be enough that, if assumed to be true, the plaintiff plausibly, not merely speculatively, has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247–48 (10th Cir. 2008). In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well-pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984); *see also* Fed. R. Civ. P. 8(a). While this court construes *pro se* pleadings liberally, plaintiff's *pro se* status does not excuse him from the burden of coming forward with some "specific factual support," other than conclusory allegations, to support his claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1227 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)).

When the face of the complaint shows that plaintiff filed the action beyond the applicable statute of limitations, plaintiff must allege facts sufficient to show that the limitations period should be tolled. *See Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

## III. Discussion

### A. Fair Housing Act, 42 U.S.C. § 3601 et. seq.

Claims under the Fair Housing Act must be brought within two years; however, the two-year period does not include time in which a complaint was pending with the U.S. Department of Housing and Urban Development ("HUD"). 42 U.S.C. § 3613(a)(1)(A) & (B). According to the documentation plaintiff filed with his complaint, (Doc. 1), he filed a complaint with HUD that was dismissed on September 24, 2004 (Doc. 1, October 27, 2006 HUD Letter). Plaintiff attempted to appeal the dismissal, but was told that there was no mechanism for an appeal. (*Id.*) The letter plaintiff received from HUD mentioned the two-year statute of limitations and explained that the two-year period did not include "the time during which the complaint was pending with HUD prior to May 24, 2006." (*Id.*)

Based on the record presented to the court, the latest date that the two-year statute of limitations for plaintiff's claim under the Fair Housing Act could have begun is May 24, 2006. Thus, the statute of limitations for plaintiff's claim expired prior to plaintiff filing this claim in September 2008. Plaintiff has not made any allegations or presented any facts suggesting that the statute of limitations for this claim should be tolled to include the date he filed this action. Accordingly, this claim is barred by the statute of limitations.

### B. Kansas Residential Landlord and Tenant Act, K.S.A. § 58-2540 et. seq.

An action upon a liability created by a statute, such as plaintiff's KRLTA claim, must be brought within three years. K.S.A. § 60-512(2). Plaintiff's claims against defendants arise out of his eviction from his Section 8 housing. The last date on which plaintiff alleges he had contact with defendants was July 15, 2004. Thus, at the very latest, events associated with plaintiff's eviction occurred in July 2004. Plaintiff filed this action on September 11, 2008−more than four years after his eviction.

The statute of limitations for plaintiff's KRLTA claim expired before plaintiff filed this action. Plaintiff has not made any allegations or presented any facts suggesting that the statute of limitations should be tolled.  Accordingly, this claim is barred by the statute of limitations.

### C.  Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq.

In his complaint, plaintiff alleges that "[i]t is against the American Disability Act to evict an innocent disabled tenant." (Compl., at 4.)  Plaintiff's complaint does not provide specific allegations regarding this claim.  In any event, plaintiff's ADA claim is barred by the applicable statute of limitations.

Title II of the ADA does not provide a limitations period.  *Larson v. Snow College*, 189 F. Supp. 2d 1286, 1292 (D. Utah 2000).  "[I]n the absence of an explicit statute of limitations, a federal court should adopt the 'most analogous' or 'most appropriate' state statute of limitations."  *Id.* (citations omitted); *E.E.O.C. v. W.H. Braum, Inc.*, 347 F.3d 1192 (10th 2003) (recognizing that other circuits have applied state statutes of limitations to claims brought under Titles II and III of the ADA). Several courts have held that an ADA claim should be characterized as a claim for personal injuries. *See Larson*, 189 F. Supp. 2d at 1295–96; *Swenson v. Lincoln County Sch. Dist. No. 2*, 260 F. Supp. 2d 1136, 1143 (D. Wyo. 2003).  In Kansas, a personal injury claim is subject to a two-year statute of limitations.  K.S.A. § 60-513(4).

Here, plaintiff was evicted in July 2004.  To the extent his claims were tolled while his complaint was pending with HUD, the latest date that the two-year statute of limitations could have begun is May 24, 2006.  Based on the record before the court, the statute of limitations for plaintiff's claim expired prior to plaintiff filing this claim in September 2008.   Plaintiff has not made any allegations or presented any facts suggesting that the statute of limitations for this claim should be tolled.  The court finds plaintiff's claim is barred by the statute of limitations.

### D. Civil Extortion; Fraud; Defamation of Character

Similarly, the statute of limitations bars plaintiff's civil extortion, fraud, and defamation claims. Actions for injury to the rights of another and for taking, detaining, or injuring personal property must be brought within two years. K.S.A. § 60-513(a)(2) & (4). Claims of fraud must also be brought within two years. K.S.A. § 60-513(3). Defamation of character is construed as libel or slander and is subject to a one year statute of limitation pursuant to K.S.A. 60-514(a). *Taylor v. Int'l Union of Elec.*, 968 P.2d 685, 692 (Kan. Ct. App. 1998) (recognizing that a claim for defamation is subject to the one-year statute of limitation found in K.S.A. 60-514(a)).

As explained above, plaintiff did not bring this action until more than four years after his eviction. Nothing in the record suggests that the statue of limitations should be tolled. Thus, plaintiff's civil extortion, fraud, and defamation claims are barred by the statute of limitations.

### E. 42 U.S.C. § 1983

Defendants also argue that plaintiff asserts claims pursuant to 42 U.S.C. § 1983. Plaintiff has not amended his complaint to assert section 1983 claims. On October 21, 2008, the court denied plaintiff's motion to amend as unnecessary and informed plaintiff that he could file his amended complaint as a matter of course (Doc. 11). Plaintiff never filed an amended complaint—although he has referenced such claims in subsequent pleadings.

Even if such claims were before the court, they would be barred by the two-year statute of limitations for such actions because plaintiff filed this action more than two years after the last alleged violation. *McElroy v. State Attorney Gen.*, No. 09-3125-SAC, 2009 WL 2523358, at *3 (D. Kan. Aug. 18, 2009) ("The applicable statute of limitations for filing a § 1983 complaint is determined from the

'forum state's statute of limitations for personal injury.' In Kansas, that is the two-year statute of limitations provided in K.S.A. § 60-513(a).") (citing *Brown v. Unified Sch. Dist. 501, Topeka Public Schs.*, 465 F.3d 1184, 1188 (10th Cir. 2006)). In plaintiff's response to defendants' motion, he has not presented any evidence suggesting that the statute of limitations should be tolled. The court finds that to the extent plaintiff alleges a claim under 42 U.S.C. § 1983, such a claim is barred by the statute of limitations.

### F.  Double Jeopardy

Plaintiff also fails to state a claim for double jeopardy. The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. "The protection against multiple punishments prohibits the Government from punishing twice, or attempting a second time to punish criminally for the same offense." *United States v. Ursery*, 518 U.S. 267, 273 (1996) (internal quotations omitted). Plaintiff's allegations against defendants do not state a claim under the Double Jeopardy Clause.

Defendant also asserts plaintiff's claims are barred by the doctrine of res judicata; however, in light of the above rulings, the court need not address the doctrine of res judicata. For the reasons set forth above, defendants' motion is granted.

**IT IS THEREFORE ORDERED** that defendants Boyles's and THA's second motion to dismiss (Doc. 59) is granted.

Dated this 24th day of December 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**