IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAWRENCE L. KELLY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-CV-2425-CM |
| ) | |
| **MARY BOYLES, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter is before the court on plaintiff's motion to reopen (Doc. 77).[1] Plaintiff argues this lawsuit should be reopened because: (1) defendants made fraudulent statements to the court, and (2) plaintiff never received the order and judgment dismissing this case.

Plaintiff is pro se and, therefore, the court broadly construes his motion. *Bear v. Patton*, 451 F.3d 639, 641 (10th Cir. 2006) (explaining that the court reviews a pro se litigant's pleadings and other papers liberally). Based on the requested relief, the court considers plaintiff's motion under Federal Rule of Civil Procedure 60(b). This rule allows the court to relieve a party from judgment in certain circumstances. *See* Fed. R. Civ. P. 60(b) (outlining various situations where the court may relieve a party from judgment). One such circumstance is fraud, misrepresentation, or misconduct by the opposing party. *Id.* at 60(b)(3). Another circumstance is "any other reason that justifies relief." *Id.* at 60(b)(6).

---

[1] The document before the court is titled "Unconstitutionality." In this document, plaintiff outlines various concerns about the handling of this case by the undersigned judge and the magistrate judge, and he requests that this lawsuit be reopened. Chief Judge Kathryn Vratil issued an order declining to take action on plaintiff's allegations of misconduct. (Doc. 80.) Therefore, the only remaining issue is plaintiff's request to reopen this lawsuit. Before analyzing the merits of this request, the undersigned judge considered recusal and determined such action was not necessary. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (explaining that allegations of adverse rulings "almost never constitute a valid basis for a bias or partiality motion"); *Bixler v. Foster*, 596 F.3d 751, 762 (10th Cir. 2010).

Plaintiff's fraud allegations do not justify relief under this rule. The court was generally aware of the facts that plaintiff contends defendants fraudulently concealed. Plaintiff's other allegations of fraud are actually legal conclusions that do not justify relief. For example, plaintiff argues that defendant Boyles "rewrites the Section 8 law" and "refuses to follow the Section 8 law." (Doc. 77 at 7.) But the court is aware of the Section 8 law and can determine its proper application.

Plaintiff's second argument—that he did not receive the order and judgment dismissing this case—seeks relief under Rule 60(b)(6). Plaintiff generally receives court orders through regular or certified mail. For most orders, a notation is made in the docket sheet expressly stating that the order was sent to plaintiff. But there is not a notation for the December 24, 2009 order and the December 29, 2009 judgment. This suggests that plaintiff did not receive these documents.

The lack of notice, however, does not impact the outcome of his case such that relief under Rule 60(b)(6) is warranted. The purpose of relief under Rule 60(b) is to allow the court to reconsider the judgment. *See York v. United States Dep't of Justice*, No. 09-00063, 2010 U.S. Dist. LEXIS 88243, at *6 (D. Utah Aug. 25, 2010) (explaining that "the purpose of a Fed. R. Civ. P. 60(b) motion is to obtain reconsideration of the underlying judgment in this case"). The failure to receive notice of the judgment does not justify reconsideration of it. As such, plaintiff is not entitled to relief under this rule.

But the fact that plaintiff did not receive notice of the judgment may impact his appeal rights. Federal Rule of Appellate Procedure 4(a) allows a district court to reopen the time to file an appeal if the following conditions are satisfied: (1) the moving party did not receive notice under Federal Rule of Civil Procedure 77(d), (2) the motion is filed within 180 days after the judgment is entered, and (3) the court finds that no party would be prejudiced. *See* Fed. R. App. P. 4(a) (outlining required conditions for a court to reopen the time to appeal). Plaintiff fails to satisfy these conditions.

He did not file his motion within 180 days after the judgment was entered.  Instead, he took no action in his case for approximately two years.  In addition, defendants would be prejudiced if plaintiff's time to file an appeal was reopened.  This case has been closed for over three years.  And plaintiff already filed a notice of appeal that was dismissed for failure to prosecute and failure to pay the filing fee—notably, it was not dismissed as untimely.  For all of the above reasons, the court denies plaintiff's motion.

**IT IS THEREFORE ORDERED** that plaintiff's motion to reopen this case (Doc. 77) is denied.

Dated this 19th day of March, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**